## Ex parte Blumer.

A guardian who fraudulently fails to account for the funds of his ward after a settlement of his account, is liable to attachment and is not entitled to be discharged under the insolvent laws until he has been in custody sixty days. But if, while in custody, he petitions for discharge, he should be committed for trial to the Quarter Sessions, and if a true bill is not found before the next session, he is entitled to his discharge.

March 7th 1878. Before AGNEW, C. J., SHARSWOOD, MER-CUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

Certiorari to the Court of Common Pleas of *Lehigh county:* Of January Term 1878, No. 155.

This proceeding arose upon the petition of William H. Blumer, which set forth that he had been appointed guardian of Ida Oberly; that upon the settlement of his account it was found that there was due his ward the sum of $2315.16 ; that he was unable to pay the same, and that in consequence an attachment had issued, under which petitioner was held in custody, and praying that he might be discharged under the Insolvent Debtor's Act. This petition was supplemented with a schedule of the petitioner's debts and the required affidavits. It was objected that the petitioner should not be discharged, because he had not been in custody and confinement for sixty days, and the court, Longaker, P. J., sustained the objection. This refusal to grant his prayer was assigned for error by the petitioner, who brought this suit.

*Edward Harvey* and *J. D. Stiles,* for appellant.

*C. J. Erdman,* for appellee.

Chief Justice AGNEW delivered the opinion of the court, March 18th 1878.

The court below erred in holding that the 17th section of the Insolvent Act of 16th June 1836, applies to this case, and prevented a discharge until the petitioner had suffered sixty days' imprisonment. The refusal to discharge was right itself, the petitioner, as guardian, having illegally appropriated the funds of his ward to his own use. The 113th section of the penal code of March 31st 1860, 1 Brightly 348, pl. 166, declares, " If any person being a trustee of any property for the benefit, either wholly or partially, of some other person, or for any public or charitable purpose, shall, with intent to defraud, convert or appropriate the same or any part thereof to or for his own use or purpose, or for the use or benefit of any other person, or shall, with intent aforesaid, otherwise dispose of or destroy such property or any part thereof, he shall be guilty of a misdemeanor." The 124th section of the same act, p. 349, pl. 177, defines the word " trustee" to mean a trustee

[Ex parte Blumer.]

on some express trust, by deed, will or writing; and to include the heir, devisee and personal representative of such trustee, and all executors, administrators and assignees. The Act of 22d April 1863, 1 Brightly 350, pl. 181, extends the 124th section, just mentioned, to "include any guardian or guardians of a minor child or children appointed by the Orphans' Court of the respective counties, in the same manner as ˏexecutors, administrators and assignees." Thus a guardian fraudulently appropriating his ward's property to his own use is guilty of a misdemeanor under the 113th section referred to. The refusal to discharge was, therefore, proper, and it was the duty of the Court of Common Pleas, under the 131st section of the same act, to commit the petitioner for trial in the Quarter Sessions : 1 Brightly 352, pl. 189, clause 11. This clause is, "That such petitioner had embezzled or applied to his own use any money or other property with which he had been intrusted, either as bailee, agent or depository, and to the prejudice of the opposing creditors." The true purpose of the 131st section is to define the duty of the Court of Common Pleas upon its appearing that the petitioner has been guilty of such fraudulent acts as should prevent his discharge, while the indictment in the Quarter Sessions for the fraudulent offence, in this case, would be framed upon the 113th section already quoted. The provisions of the 131st section, the commissioners say, were taken from the insolvent law of 1836, and this accounts for the generality of the language, bailee, agent or depository ; language capable of embracing the case of a fraudulent guardian, who unlawfully appropriates the property or money of his ward intrusted to his care.

The court, therefore, after refusing his discharge, ought to have committed the petitioner for trial in the Quarter Sessions, in order that he might have an opportunity of defending himself against the charge of fraud, and showing, if he could, that his inability to account for the ward's money or property arose from innocent causes. In this view the court erred in dismissing the petition ; for the 133d section, 1 Brightly 352, pl. 191, provides for the final discharge of the petitioner under the insolvent laws, if no bill be presented to the grand jury at the next sessions, or if it be not found, or if the petitioner be acquitted on trial. The court, therefore ought to have retained the petitioner and suspended the proceeding until the result in the Quarter Sessions should be known.

The order dismissing the petition is set aside, and the record ordered to be remitted to the court below for further proceedings according to law.